UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CRISTIAN Z.O.,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, Acting Director of Immigration and Customs Enforcement; DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement; and ERIC TOLLEFSON, Sheriff of Kandiyohi County,

Respondents.

Case No. 26-CV-2946 (PJS/LIB)

ORDER

Jason L. Schellack, AUTISM ADVOCACY & LAW CENTER, LLC, for petitioner.

Derek Ganzhorn, UNITED STATES ATTORNEY'S OFFICE, for all respondents except Eric Tollefson.

This matter is before the Court on petitioner Cristian Z.O.'s petition for a writ of habeas corpus.[1] Cristian, a citizen of Mexico, has lived in the United States since May 2021. V. Pet. ¶¶ 7, 16. As far as the record reflects, Cristian has no criminal record, no

[1]Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by first name and last initials.

final order of removal has been entered against him, and he has not previously been served with a Notice to Appear. V. Pet. ¶¶ 17–18, 22.

On June 11, 2026, Cristian was arrested by Immigration and Customs Enforcement ("ICE") agents during a raid at a roofing site in Bemidji, Minnesota. V. Pet. ¶ 20. Cristian alleges that he was not shown a warrant during his arrest. V. Pet. ¶ 20. In response to Cristian's habeas petition, respondents have submitted a copy of a Form I-200 warrant dated June 11, 2026, and a Notice to Appear dated June 12, 2026. Balencia Decl. Exs. A, C.

Cristian now seeks habeas relief in the form of release or a bond hearing, arguing that his detention is unlawful under the Fifth Amendment's Due Process Clause and that his warrantless arrest violated the Fourth Amendment.

## I. ANALYSIS

Because the Court agrees with Cristian that his arrest was unlawful, the Court will grant his petition in part and order his release without addressing his Fifth Amendment claims.

The Immigration and Nationality Act provides two mechanisms by which "it is appropriate to arrest an alien during the removal process." *Arizona v. United States*, 567 U.S. 387, 407 (2012). First, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from

the United States." 8 U.S.C. § 1226(a). Second, under 8 U.S.C. § 1357(a), ICE has "limited authority" to make warrantless arrests. *Arizona*, 567 U.S. at 408. As relevant to this case, an immigration officer may arrest an alien without a warrant for being "'in the United States in violation of any [immigration] law or regulation,' . . . but only where the alien 'is likely to escape before a warrant can be obtained.'" *Id.* (quoting 8 U.S.C. § 1357(a)(2)) (first alteration in original).

*A. Arrest Pursuant to Form I-200 Administrative Warrant*

As noted, Cristian was arrested on June 11, 2026, and respondents contend that he was served with a Notice to Appear the next day. Even if Cristian was properly served with a Form I-200 warrant on June 11—which he denies—this timing renders the warrant invalid. *See, e.g.*, *Gonzalez Ochoa v. McCleary*, 816 F. Supp. 3d 921, 927 (S.D. Iowa 2026) ("The temporal aspects of this language are clear: an arrest warrant may be issued '[a]t the time of issuance' of the Notice to Appear or 'thereafter.' Not 'before.'") (quoting 8 C.F.R. § 236.1(b)(1)). Indeed, respondents concede as much. *See* ECF No. 5 at 23–24 ("However, as Petitioner notes, this I-200 was issued on June 11, 2026, *before* his Notice to Appear was provided. Because an I-200 can be issued only after a Notice to Appear has been filed, Petitioner's arrest must be judged by the standards of 8 U.S.C. § 1357 and 8 C.F.R. § 287.3." (citations omitted)).

*B. Warrantless Arrest Pursuant to 8 U.S.C. § 1357(a)(2)*

Under 8 U.S.C. § 1357(a)(2), an immigration official may conduct a warrantless arrest of an alien, but only "if [the official] has reason to believe that the alien so arrested is in the United States in violation of any [immigration] law or regulation and is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2). The Eighth Circuit has construed "reason to believe" in § 1357(a)(2) to mean "constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010).

In their briefing, respondents contend that they had probable cause to arrest Cristian because, during a *Terry* stop,[2] Cristian claimed to have entered the United States at an unknown location in Texas and admitted that he had not been inspected or admitted or paroled by an immigration officer. ECF No. 5 at 25. But the record presently before the Court does not support respondents' claim that the agents conducted a *Terry* stop. Nothing in the materials that respondents have submitted indicates that Cristian was questioned or provided any information before he was arrested. To the contrary, respondents' own documents state that, "[w]hile officers were conducting surveillance in the area, the subjects scattered and ran, including [Cristian]. Officers chased down and apprehended [Cristian] and the remainder of the

[2]*See Terry v. Ohio*, 392 U.S. 1 (1968).

subjects. Officers served [Cristian] the I-200 and Officer Smith transported [Cristian] to the Kandiyohi County Jail for a direct ICE book." Balencia Decl. Ex. B.

In a materially identical case involving the arrest of another individual at the same work site, Judge Provinzino recently concluded that, at the time of the individual's arrest, respondents lacked probable cause to believe that he was in the United States in violation of the immigration laws. *Felix Alberto J.M. v. Blanche*, No. 26-CV-2944 (LMP/DLM), 2026 WL 1906596, at *2 (D. Minn. July 2, 2026). As Judge Provinzino explained, this narration—including the word "apprehended" and the assertion that the agents served the arrest warrant after the "apprehen[sion]"—supports a conclusion that the agents did not, in fact, conduct a *Terry* stop, but instead immediately arrested the individuals (including Cristian). *Id.* at *4. The Court agrees with Judge Provinzino's analysis, and further agrees that Cristian's flight also failed to provide probable cause for his arrest. *Id.* at *3–5.

The Court therefore finds that Cristian's warrantless arrest was not lawful under either § 1226(a) or § 1357(a)(2). Accordingly, Cristian's petition is granted in part, and the Court orders respondents to release him within 48 hours of the entry of this order. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (describing release as the "typical remedy" for unlawful executive detention).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for a writ of habeas corpus [ECF No. 1] is GRANTED IN PART.

2. Respondents must release petitioner within 48 hours of entry of this order.

3. The remainder of petitioner's petition [ECF No. 1] is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 12, 2026

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge